IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TARIUS D. GANAWAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:12-cv-167-MJR |
| ) | |
| PINCKNEYVILLE CORRECTIONAL ) | |
| CENTER and C/O RAMSEY, ) | |
| ) | |
| Defendants. ) | |
| ) | |

MEMORANDUM AND ORDER

REAGAN, District Judge:

Plaintiff, currently incarcerated at Pontiac Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendant Ramsey, a Correctional Officer at Pinckneyville Correctional Center, violated his constitutional rights by failing to find and confiscate a razor Plaintiff later used to attempt suicide. More specifically, Plaintiff claims that before he was transferred to segregation, Defendant Ramsey searched his personal property. While searching Plaintiff's small property box, Defendant Ramsey failed to uncover a "single blade state razor." Plaintiff alleges no razors are allowed in segregation. He claims that Defendant Ramsey's failure to find the razor constituted negligence because Ramsey breached his duty to protect Plaintiff from reasonable risk. Plaintiff claims Defendant Ramsey's negligence caused Plaintiff pain, suffering, and emotional distress

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff

has not articulated a colorable constitutional violation. Plaintiff claims that C/O Ramsey's failure to find the razor among his belongings was negligence.

To succeed on an Eighth Amendment conditions of confinement claim, an inmate must first demonstrate, objectively, that he is "incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825 (1994). Second, he must show that prison officials acted with deliberate indifference to that risk, a subjective inquiry into a prison official's state of mind. *Farmer*, 511 U.S. at 838–39. As explained in *Farmer*, "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." 511 U.S. at 837. The prison official may be held liable only if he knows an inmate faces a substantial risk of serious harm and "disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Id.* at 838.

A showing of negligence, or even gross negligence, is insufficient to prove an official acted with deliberate indifference. "The infliction of suffering on prisoners can be found to violate the Eighth Amendment only if that infliction is either deliberate, or reckless in the criminal law sense." *Duckworth v. Franzen*, 780 F.2d 645, 652-53 (7th Cir. 1985); *see also Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008) (quoting *Borello v. Allison*, 446 F.3d 742, 747 (7th Cir. 2006). Negligence, gross negligence, or even "recklessness" as that term is

used in tort cases, is not enough. *Id.* at 653; *Shockley v. Jones*, 823 F.2d 1068, 1072 (7th Cir. 1987). Rather, the evidence should reveal that the defendants "acted with a sufficiently culpable state of mind" such that the "defendants actually knew of a substantial risk of harm to the inmate and acted or failed to act in disregard of that risk." *Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002) (citation omitted); *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir.2002) ("Deliberate indifference entails more than mere negligence ... and requires the prisoner to show that the prison official was subjectively aware of the prisoner's serious medical needs and disregarded an excessive risk that a lack of treatment posed to the prisoner's health or safety from lack of treatment." (citations omitted)); *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001) (stating that "liability attaches only if the conduct is intentional or criminally reckless.").

Plaintiff's claims of negligence simply do not rise to the level of a violation of the constitution. As such, Plaintiff's complaint fails to state a claim upon which relief may be granted. It is therefore subject to dismissal under 28 U.S.C. § 1915A(b)(1).

### DISPOSITION

**IT IS HEREBY ORDERED** that Plaintiff's complaint fails to state a claim upon which relief may be granted, and thus is **DISMISSED** with prejudice. Defendants **Pinckneyville Correctional Center and C/O Ramsey** are **DISMISSED** from this action with prejudice.

Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: August 13, 2012**

s/ MICHAEL J. REAGAN
MICHAEL J. REAGAN
United States District Judge
